F. L. MARTIN *et al.* v. J. F. HARSHA, *as Mayor, etc., et al.*
No. 16,399.

SYLLABUS BY THE COURT.

1. ELECTION STATUTES—*Construction of Amendment—Qualifications of Office-holders.* When an act of the legislature contains a section which prescribes the qualifications required of persons to hold certain offices, and an act amendatory and supplemental thereto is subsequently adopted which reënacts the same section, except that one of the formerly prescribed qualifications is omitted, it will not be presumed that such omission occurred by mistake, but the section of the later act will be held to repeal the former in so far as the sections differ.

2. —— *Amendment Inapplicable for Lack of Time—Applicability of Repealed Law.* The provisions of chapter 82 of the Laws of 1909 being impossible of application as to the nomination of candidates for the elective offices for the ensuing election, the provisions of preëxisting statutes relating to the preparation of ballots for such election must be followed.

Original proceeding in mandamus. Opinion filed April 10, 1909. Writ allowed.

*Fred S. Jackson,* attorney-general, *Carr W. Taylor,* assistant attorney-general for Reno county, *F. L. Mar-*

*tin, John S. Simmons, G. W. Fairchild, H. S. Lewis,* and *R. A. Campbell,* for The State.

*A. C. Malloy,* for the defendants.

The opinion of the court was delivered by

SMITH, J.: The facts in the two cases being the same, the opinion in *The State v. Harsha, ante,* p. 72, is adopted and followed in this case. Two additional questions are presented herein:

First, the preparation of the ballots: Following the reasoning in *The State v. Harsha, supra,* it appearing that the plaintiffs have been nominated by petition for the several offices for which they respectively desire to be candidates at the ensuing city election, the petitions should be filed and the ballots be prepared with their names printed thereon as candidates for the respective offices in accordance with the statutes in existence prior to the enactment of chapter 82 of the Laws of 1909, and a blank column should be left on the ballot to enable an elector to write in the name of any candidate he may desire to vote for whose name does not appear upon the printed ballot. There is nothing in chapter 82 of the Laws of 1909 to prevent the leaving of such a blank column on the ballot, and, while the question is not involved in this case, it is suggested, as the freedom of electors to vote as they choose is a basic principle in our form of government, that such a column should be left in future elections in cities that have adopted the commission form of government.

Second, the defendants contend that plaintiff G. W. Winans is not now, and has not been for the last two years, a *bona fide* owner of real estate in the city of Hutchinson, and for that reason does not possess the qualifications to hold the office to which he seeks to be elected. Relating to the qualifications of the elective officers of a city under the commission form of government, section 7 of chapter 123 of the Laws of 1907 provides:

"The mayor and each of said commissioners shall be

not less than twenty-five years of age, a citizen of the United States, and for three years immediately preceding his election a resident of such city, and for two years prior to his election a *bona fide* owner of real estate in said city."

On the same subject section 10 of chapter 82 of the Laws of 1909 reads:

"The mayor and each of said commissioners shall be not less than twenty-five years of age, a citizen of the United States, and for two years immediately preceding his election a resident of such city."

It will be observed that the latter act omits the requirement that any of these officers shall have been, for two years prior to his election, a *bona fide* owner of real estate in the city. The other required qualifications are the same, and it can not be presumed that the omission of this one was an oversight of the legislature, but it must be presumed that the legislature intended by the reënactment of the section with this requirement omitted to amend the former statute in this respect. It is therefore held that the objection assigned to the qualification of Mr. Winans to hold the office for which he is a candidate is not well taken.

A peremptory writ of mandamus is allowed as prayed for.